JOHN L. JOHNSON, RESPONDENT, *v.* MARY L. PARMELY, IMPLEADED, ETC., APPELLANT.

*Mortgage — what will constitute an equitable assignment thereof — when party estopped to deny existence of.*

The plaintiff entered into an agreement with one Gannett, on whose wife's property Hobart College held a mortgage, as collateral to the bond of a former owner of the property, by which the plaintiff agreed to pay the amount of the mortgage, which was then over-due, to the college, take an assignment of it, and extend the time of payment one year. Plaintiff and Gannett, in pursuance of the agreement, saw the agent of the college and plaintiff offered the money and asked for an assignment, but was told that the college never assigned a mortgage ; the money was then paid to the agent, who handed the bond to the plaintiff, and subsequently sent him a satisfaction-piece of the mortgage, which satisfaction-piece was never recorded. Thereafter Gannett sold the premises to the defendant, who, by her deed, assumed the payment of the mortgage.

In an action to foreclose the same, *held,* that Gannett and defendant were estopped from denying the existence and validity of the mortgage.

APPEAL from judgment in favor of the plaintiff, entered on the decision of the late Mr. Justice RAWSON, at the Ontario Special Term.

This action was brought to foreclose a mortgage, accompanied by a bond made by Willard C. Gannett and wife, to Hobart College, of Geneva, N. Y., dated November 1, 1868.

After the execution of the mortgage, the premises were conveyed by the mortgagor to one Lewis E. Gannett subject to said mortgage, and which he assumed to pay as part of the purchase-price. The title to the premises was afterwards passed to one Joseph C. Gannett, and by him conveyed to Mariette Gannett, the wife of said Lewis E.; said Mariette also assuming the payment of said mortgage as part of the purchase-price.

While the title stood thus, in said Mariette, and in the month of May, 1875, the plaintiff, at the request of said Lewis E. Gannett, and in pursuance of an agreement that the plaintiff would advance the money to the college, take an assignment of the mortgage, and extend the time of payment for a year, applied to E. H. Hurd, Esq., the attorney of the college, who had said bond

and mortgage for collection, and proposed to purchase the same and have them assigned to him. Mr. Hurd refused to assign the bond and mortgage, and stated to the plaintiff that the college would not assign them.

After two or more interviews the plaintiff paid the money to Mr. Hurd in presence of Lewis E. Gannett, the bond being delivered up, and Mr. Hurd agreeing to have a satisfaction-piece executed and forwarded to Mr. Field, the plaintiff's counsel, at Canandaigua. The mortgage was retained by Mr. Hurd for the purpose of drawing a discharge, and has never been delivered to the plaintiff. The satisfaction-piece was executed in pursuance of this arrangement, acknowledged June 29, 1875, and forwarded to Mr. Field by Mr. Hurd, and was from that time to the trial held by Mr. Field, it never having been recorded.

The premises were purchased by the defendant Mary L. Parmely, "subject, nevertheless, to a claim of John L. Johnson of $575; also one other, a mortgage to L. D., niece, of $228, * * * with no incumbrances, excepting those before mentioned in this conveyance," she then knowing of the existence of the mortgage.

The plaintiff claims to foreclose this mortgage as assignee of Hobart College.

The defendant claims that the mortgage was, by the transactions above stated, paid, and thereafter ceased to have any validity as a mortgage, or to be a lien on the said premises; and that an action to foreclose it could not be maintained; that the plaintiff's remedy, if he had any, was by an action to have his claim declared a lien prior to the defendant's rights in said premises.

*Spencer Gooding*, for the appellant. The transaction between the plaintiff, Lewis E. Gannett, and Mr. Hurd, amounted to and operated as a payment and satisfaction of the mortgage, and it then ceased to be a lien on the premises, or to have any binding force or validity whatsoever. (*Banta* v. *Garmo*, 1 Sand., Ch. R., 383, and cases cited; *Marvin* v. *Vedder*, 5 Cow. R., 671; *James* v. *Johnson & Morey*, 6 Johns., Ch. Rep., 417.) This mortgage having once been paid, its life and force as a legal instrument was ended, and no action could ever afterwards be maintained upon

it. (*Banta* v. *Garmo*, 1 Sand., Ch. R., 383; *Sandford* v. *Mc-Lean*, 3 Paige, R., 122; *Mead* v. *York*, 6 N. Y. [2 Seld.], 449, and cases cited; *James* v. *Morey*, 2 Cow. R., 246; Opinion of WOODWORTH, J., page 286; *Hubbell* v. *Blakeslee*, 8 Hun, 603; *McGinn* v. *Wheelock*, 7 Barb., 22.)

*Metcalf & Field*, for the respondent. This payment of the money by the plaintiff to Hobart College, and the delivery of the bond to him, was, in law and equity, a good assignment, and carried with it the mortgage and the debt. (*Jackson* v. *Blodgett*, 5 Cow., 202; *Patterson* v. *Hull*, 9 Cow., 747; *Langdon* v. *Buel*, 9 Wend., 80; White & Tudor's leading cases in Equity, 65 Law Library, 245.) Although plaintiff has no written assignment of the bond and mortgage, he had possession of the bond, and he had paid his money, at the request of the party liable to pay the debt, and that gave him certainly *prima facie* title to the bond, and a right to recover all moneys due thereon. (*Hooker* v. *Eagle Bank*, 30 N. Y., 83; *Mack* v. *Mack, executor*, 3 Hun, 323; *Runyan* v. *Mersereau*, 11 Johns., 534; *Fryer* v. *Rockfellow*, 63 N. Y., 208; *Bedell* v. *Carll*, 33 id., 581; *Westerlo* v. *DeWitt*, 36 id., 340.) The defendants, W. B. and M. L. Parmely, are absolutely estopped from claiming that the bond and mortgage has been paid. (*Freeman* v. *Auld*, 44 N. Y., 50; *Sands* v. *Church*, 6 id., 347; *Hartley* v. *Harrison*, 24 id., 170; Hermans on Estoppel, § 235; *Carpenter* v. *Dougherty*, 2 N. Y., Sup. Rep., 427; *Guernsey* v. *Rogers*, 47 id., 233; *Curtis* v. *Tyler*, 9 Paige, 432.)

SMITH, J.:

The plaintiff claims that in equity he is to be regarded as the assignee of the bond and mortgage. It is alleged, in defense, that the debt was paid to the college, and the mortgage was satisfied. And the real question is, whether the transaction between the plaintiff and the college is to be treated as a payment of the mortgage debt, or whether it is to be regarded as a purchase and assignment of the mortgage as between the parties now litigating.

It is true, that the form of the transaction, on the part of the college, was that of a receipt of money in payment of the debt. But the money was paid by Johnson, the plaintiff, at the request and in the presence of Gannett, then the owner of the equity of

redemption, and in pursuance of an agreement between Gannett and the plaintiff, that the latter would advance the money to the college, take an assignment of the mortgage, which was then over-due, and extend the time of payment for a year. And, in pursu-ance of that arrangement, Johnson advanced the money to the college and requested an assignment; but the agent, who acted for the college, declined to execute an assignment, alleging that it was against the rules of the trustees of the college to assign mortgages, and thereupon the agent accepted the money from Johnson, and delivered to him the bond and promised to send to his attorney a discharge of the mortgage, which he did subsequently.

The plaintiff or his attorney has had possession of the discharge ever since, and the mortgage has not been canceled or discharged of record. In these circumstances, it is obvious that if Gannett were still the owner of the premises, he could not defeat the plain-tiff's claim, in a court of equity, by the plea that the mortgage is discharged. As between him and the plaintiff, the intention was to keep the mortgage alive, and he subsequently recognized its existence and validity by conveying the premises, subject to the mortgage, his grantee assuming the payment of it as a part of the purchase-price of the land.

The appellant, Mrs. Parmely, is in no better position than Gan-nett, she having succeeded to his title with notice of the plain-tiff's claim.

Upon another ground, the plaintiff is entitled to enforce the mortgage as against Mrs. Parmely. The judge found that the consideration agreed to be paid by her to her vendor for the premises in question was $1,700, and that the vendor allowed her to deduct therefrom the sum of $575, as the amount then due on the bond and mortgage set out in the complaint. She is, there-fore, estopped from setting up that the mortgage has been paid.

The exceptions taken by the defendant to rulings of the court upon questions of evidence have no merit.

The judgment should be affirmed, with costs.

Present — TALCOTT, P. J., SMITH and HARDIN, JJ.

Judgment affirmed, with costs.